UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALFRITA SIMMONS,

Plaintiff,

v.

DOUGLAS A. COLLINS, Secretary of Veterans Affairs, et al.,

Defendants.

Civil Action No. 25-0437 (TSC)

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

## TABLE OF CONTENTS

Table of Contents .......... i

Table of Authorities .......... ii

Background .......... 1

Legal Standards .......... 1

I. Failure to State a Claim .......... 1

II. Insufficient Service of Process .......... 2

Argument .......... 2

I. The Secretary of Veterans Affairs Is the Only Proper Defendant. .......... 2

II. Plaintiff Does Not Plausibly Allege That She Was a Federal Employee .......... 3

III. Plaintiff Does Not Plausibly Allege Essential Elements of Her Title VII Claim .......... 6

IV. Plaintiff Did Not Properly Effect Service of Process .......... 8

Conclusion .......... 10

# TABLE OF AUTHORITIES

**Cases**

*Abhe & Svoboda, Inc. v. Chao*,
508 F.3d 1052 (D.C. Cir. 2007) ... 2, 5

*Al-Saffy v. Vilsack*,
827 F.3d 85 (D.C. Cir. 2016) ... 3, 4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ... 1, 6

*Bell v. Gonzales*,
398 F. Supp. 2d 78 (D.D.C. 2005) ... 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ... 6

*Best v. Kelly*,
39 F.3d 328 (D.C. Cir. 1994) ... 6

*Carodiskey v. Goodwill Indus. of Pittsburgh*,
Civ. A. No. 09-0992, 2010 WL 956657 (W.D. Pa. Mar. 12, 2010) ... 9

*Colosante v. Wells Fargo Corp.*,
81 F. App'x 611 (8th Cir. 2003) ... 9

*Doe v. Lee*,
Civ. A. No. 19-0085 (DLF), 2020 WL 759177 (D.D.C. Feb. 14, 2020) ... 4, 5

*Dozier v. Ford Motor Co.*,
702 F.2d 1189 (D.C. Cir. 1983) ... 7

*Gartin v. Par Pharms. Cos.*,
289 F. App'x 688 (5th Cir. 2008) ... 9

*Gordon v. Mayorkas*,
Civ. A. No. 22-2309 (APM), 2023 WL 3976911 (D.D.C. June 13, 2023) ... 8

*Harris v. Forklift Sys., Inc.*,
510 U.S. 17 (1993) ... 8

*Hill v. Assocs. for Renewal in Educ., Inc.*,
897 F. 3d 232 (D.C. Cir. 2018) ... 7

*Ho v. Garland*,
106 F.4th 47 (D.C. Cir. 2024) ... 1

*Jarrell v. U.S. Postal Serv.*,
753 F.2d 1088 (D.C. Cir. 1985)........................................................................................2, 9

*Lepone-Dempsey v. Carroll County Comm'rs*,
476 F.3d 1277 (11th Cir. 2007) .........................................................................................9

*Light v. Wolf*,
816 F.2d 746 (D.C. Cir. 1987)........................................................................................2, 9

*Mack v. Aspen of D.C., Inc.*,
248 F. Supp. 3d 215 (D.D.C. 2017) ................................................................................5, 6

*Mann v. Castiel*,
681 F.3d 368 (D.C. Cir. 2012)...........................................................................................9

*Moore v. Agency for Int'l Dev.*,
994 F.2d 874 (D.C. Cir. 1993)...........................................................................................9

*Newby v. Obama*,
681 F. Supp. 2d 53 (D.D.C. 2010) ....................................................................................6

*Nguedi v. Admin. Off. of United States Ct.*,
Civ. A. No. 23-2965 (RDM), 2024 WL 4957266 (D.D.C. Dec. 3, 2024) ....................................4

*NLRB v. Browning-Ferris Industries of Pennsylvania*,
691 F.2d 1117 (3d Cir. 19282) ......................................................................................4, 5

*Peters v. Dist. of Columbia*,
873 F. Supp. 2d 158 (D.D.C. 2012) ..................................................................................8

*Ransom v. Mayorkas*,
Civ. A. No. 24-0692 (RC), 2025 WL 947514 (D.D.C. Mar. 28, 2025)........................................2

*Redd v. Summers*
232 F.3d 933 (D.C. Cir. 2000)...........................................................................................6

*Simms v. Dist. of Columbia Gov't*,
587 F. Supp. 2d 269, 274 (D.D.C. 2008) ...........................................................................6

*Spirides v. Reinhardt*,
613 F.3d 826 (D.C. Cir. 2002)....................................................................................3, 5, 6

*Stewart v. Evans*,
275 F.3d 1126 (D.C. Cir. 1983)..........................................................................................7

*Sun v. Dist. of Columbia Gov't*,
133 F. Supp. 3d 155 (D.D.C. 2015), *aff'd*, 686 F. App'x 5 (D.C. Cir. 2017)................................7

*Torres v. Agency for Int'l Dev.*,
Civ. A. No. 23-2700 (TJK), 2025 WL 294959 (D.D.C. Jan. 24, 2025)........................................2

*Wells v. Trump*,
Civ. A. No. 25-1598 (APM), 2025 WL 1488023 (D.D.C. May 3, 2025).....................................7

*Wilson v. Dep't of Transp.*,
759 F. Supp. 2d 55 (D.D.C. 2011)..........................................................................................2, 3

*Zapata v. City of New York*,
502 F.3d 192 (2d Cir. 2007)..........................................................................................................9

*Zhengxing v. Nathanson*,
215 F. Supp. 2d 114 (D.D.C. 2002)..............................................................................................6

**<u>Statutes, Regulations, Rules, and Other Authorities</u>**

42 U.S.C. § 2000e–16.............................................................................................................2, 3

29 C.F.R. § 1614..........................................................................................................................7

Fed. R. Civ. P. 12...............................................................................................................1, 2, 10

Fed. R. Civ. P. 4.......................................................................................................................8, 9

Defendants, by and through the undersigned counsel, respectfully file this memorandum of points and authorities in support of their motion to dismiss Plaintiff Alfrita Simmons's complaint, ECF No. 1, under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(5).

## BACKGROUND

Plaintiff, Alfrita Simmons, alleges that the Department of Veterans Affairs (the "Department") subjected her to a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, §§ 2000e to 2000e-17 ("Title VII"). Compl. §§ III-IV. Plaintiff's complaint pleads few facts beyond this bare allegation. *See generally id.* Plaintiff's employment contract was terminated on September 9, 2024, and Plaintiff thereafter initiated this action against Defendants Douglas A. Collins, Secretary of Veterans Affairs; James Leahy, Executive Director of the Veterans Canteen Service; and Cassie Darnell, Canteen Chief. *See id.* § I.B.[1]

## LEGAL STANDARDS

### I. <u>Failure to State a Claim</u>

A complaint warrants dismissal if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The *Iqbal* standard applies to Title VII claims like any other claim. *See Ho v. Garland*, 106 F.4th 47, 51 n.2 (D.C. Cir. 2024). In deciding the defendant's motion to dismiss under Rule 12(b)(6), the

---

[1] Plaintiff initiated her suit *pro se*, but shortly thereafter retained counsel. *See* Not. of Appearance, ECF No. 3 (filed Mar. 12, 2025). Accordingly, for purposes of evaluating her pleadings, Plaintiff should be considered represented by counsel.

Court may consider the documents attached to the complaint and those incorporated by reference without triggering the conversion requirement of Rule 12(d). *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

**II. <u>Insufficient Service of Process</u>**

In addition, a complaint warrants dismissal for insufficient service of process. Fed. R. Civ. P. 12(b)(5). A "party on whose behalf service is made has the burden of establishing its validity when challenged." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (quotation marks omitted). "[Sh]e must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Id.* (quotation marks omitted).

**ARGUMENT**

**I. <u>The Secretary of Veterans Affairs Is the Only Proper Defendant.</u>**

As an initial matter, because the basis for Plaintiff's claim is Title VII, *see* Compl. § II.A., the only proper defendant in this action is "the head of the department" that employed Plaintiff. 42 U.S.C. § 2000e–16(c)(1). Accordingly, Defendant Collins, as the head of the Department of Veterans Affairs, is the only proper defendant to this action, and Plaintiff's claims against the other defendants—James Leahy and Cassie Darnell—should be dismissed. *See Torres v. Agency for Int'l Dev.*, Civ. A. No. 23-2700 (TJK), 2025 WL 294959, at *2 (D.D.C. Jan. 24, 2025) ("Indeed, courts in this district routinely dismiss claims against improper defendants for lack of subject-matter jurisdiction.") (citations omitted); *Ransom v. Mayorkas*, Civ. A. No. 24-0692 (RC), 2025 WL 947514, at *4 (D.D.C. Mar. 28, 2025) ("an official capacity suit against an individual is the functional equivalent of a suit against the employer" and, as such, "[t]his makes the addition of [another employee of the agency] as an individual defendant 'redundant and an inefficient use of judicial resources.'"); *Wilson v. Dep't of Transp.*, 759 F. Supp. 2d 55, 67 (D.D.C. 2011) ("Title VII . . . does not impose individual liability; the only proper defendant in suits brought under [Title

VII] is the head of the department or agency being sued." (citing 42 U.S.C. § 2000e-16(c)); *see also Jarrell v. U.S. Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) ("the head of the agency is the only proper defendant in a Title VII action").

## II. Plaintiff Does Not Plausibly Allege That She Was a Federal Employee

Plaintiff does not plausibly allege that she was a federal employee within the scope of Title VII's federal sector provision. Title VII's federal sector provision is limited to, as relevant here, federal "employees." 42 U.S.C. § 2000e-16(a). It thus "covers only those individuals in a direct employment relationship with a government employer." *Al-Saffy v. Vilsack*, 827 F.3d 85, 96 (D.C. Cir. 2016) (cleaned up). "Individuals who are independent contractors or those not directly employed by such an employer are unprotected. Status as an employee is therefore of crucial significance for those seeking to redress alleged discriminatory actions in federal employment." *Spirides v. Reinhardt*, 613 F.2d 826, 829 (D.C. Cir. 1979) (footnote omitted). Courts "must consult traditional agency law principles to determine whether [a plaintiff] was [a federal] employee or independent contractor." *Al-Saffy*, 827 F.3d at 96 (quotation marks omitted).

"In analyzing employment status, the common-law element of control is the principal guidepost." *Id.* at 96 (cleaned up). The D.C. Circuit has "recognized two largely overlapping articulations of the test for identifying joint-employer status." *Id.* The first, taken from *Spirides*, "speaks in terms of the economic realities of the work relationship, emphasizing whether the employer has the right to control and direct the work of an individual, not only as to the result to be achieved, but also as to the details by which that result is achieved." *Id.* (cleaned up). Relevant factors are "(1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the 'employer' or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has

worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated; i.e., by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the 'employer'; (9) whether the worker accumulates retirement benefits; (10) whether the 'employer' pays social security taxes; and (11) the intention of the parties." *Spirides*, 613 F.2d at 832.

The second test, taken from *NLRB v. Browning-Ferris Industries of Pennsylvania*, 691 F.2d 1117 (3d Cir. 1982), asks "whether the employer, while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer." *Al-Saffy*, 827 F.3d at 97 (quotation marks omitted). Relevant factors are the so-called employer's (1) "authority to hire and fire the relevant employees," (2) "authority to promulgate work rules and assignments and to set the employees' conditions of employment: compensation, benefits, and work schedules, including the rate and method of payment," (3) "involvement in day-to-day employee supervision, including employee discipline," and (4) "actual control of employee records, such as payroll, insurance, or taxes." *Doe v. Lee*, Civ. A. No. 19-0085 (DLF), 2020 WL 759177, at *7 (D.D.C. Feb. 14, 2020). While phrased somewhat differently, the *Spirides* and *Browning-Ferris* tests each ultimately boil down to the same basic inquiry: "in both cases the touchstone is control." *Al-Saffy*, 827 F.3d at 97; *see also Nguedi v. Admin. Off. of United States Ct.*, Civ. A. No. 23-2965 (RDM), 2024 WL 4957266, at *4 (D.D.C. Dec. 3, 2024) ("Both involve a core inquiry regarding the degree to which the purported 'employer' or 'joint employer' exercised control over the worker's performance and the terms and conditions of his or her engagement.").

Plaintiff pleads no facts to support a plausible inference that the Department was her employer, or that the Department wielded sufficient control to be her joint employer under either *Spirides* or *Browning-Ferris*. Plaintiff's complaint does not allege that Plaintiff was at any time a federal "employee" for purposes of Title VII. *See generally* Compl. In fact, the only indication of the nature of Plaintiff's employment, and her potential employment relationship with the Department, is a letter dismissing an EEO complaint Plaintiff filed, which Plaintiff attached to her complaint. *See* Ex. (ECF No. 1-1). This document, which the Court may consider in resolving Defendants' motion, *see Abhe & Svoboda, Inc.*, 508 F.3d at 1059, concludes that Plaintiff does not "qualify . . . as an Agency employee for purposes of 29 C.F.R. § 1614." Ex. at 2-3. The document reasons that Plaintiff was a term "[c]ontract employee," and thus "not . . . entitled [to] benefits normally given to regularly paid employees of the Federal Government" such as health insurance, Merit Systems Protection Board (MSPB) appeal rights, and paid leave; and, further, that Plaintiff was terminated by "contract letter." *Id.* Plaintiff pleads no facts in opposition to this conclusion and its reasoning. *See generally* Compl.

"While a plaintiff need not allege every facet of her relationship with the defendant, she must still plead facts which, if proven true, would plausibly suggest that a joint-employment relationship exists." *Doe*, 2020 WL 759177, at *7 (quotation marks omitted). Joint employment can turn on factual disputes, but dismissal is merited if, as here, a plaintiff "fail[s] to allege a joint-employer relationship under either the *Browning-Ferris* test or the *Spirides* test." *Id.* at *8. The facts related through Plaintiff's submissions indicate that Plaintiff, at most, worked for the Department's benefit. Ex. at 2 (stating she "performed services for the [Veterans Canteen Service]."). However, "[w]ithout more, work performed for the benefit of another entity does not reasonably imply the existence of a joint-employment relationship." *Id.*; *accord Mack v. Aspen of*

*D.C., Inc.*, 248 F. Supp. 3d 215, 220 (D.D.C. 2017) ("[Plaintiff] must provide more detail than she has for the Court to include that the District was her employer for purposes of Title VII liability . . . . Because of the paucity of her allegations . . . she has not sufficiently alleged that the District was her 'employer' for purposes of Title VII."). Indeed, the limited facts in Plaintiff's submissions point to her status as an independent contractor, rather than an employee. *See Redd v. Summers*, 232 F.3d 933, 938 (D.C. Cir. 2000) (noting the limited duration of Plaintiff's employment in concluding she was not an "employee" for purposes of Title VII); *Simms v. Dist. of Columbia Gov't*, 587 F. Supp. 2d 269, 274 (D.D.C. 2008) ("[Defendant] did not pay plaintiff, afford her leave, or pay her social security taxes. . . . [Moreover], plaintiff's "termination" was due to [Defendant's] decision not to renew the contract . . . ."); *Zhengxing v. Nathanson*, 215 F. Supp. 2d 114, 119 (D.D.C. 2002) (Plaintiff's termination "'without notice and/or explanation' further underscores her status as an independent contractor" (quoting *Spirides*, 613 F.2d at 832)). The Court should thus dismiss Plaintiff's claim on this ground.

## III. <u>Plaintiff Does Not Plausibly Allege Essential Elements of Her Title VII Claim</u>

In addition, Plaintiff does not plausibly allege essential elements of her Title VII claim. In her complaint, Plaintiff summarily contends that she was "subjected to a hostile work environment" and "then . . . physically assaulted by [her] co-worker." Compl. § IV. However, Plaintiff offers no additional facts in support of her claim. Plaintiff thus fails to state a hostile work environment claim at all, let alone one that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere mention of a hostile work environment, with little more, fails to "nudge[]" Plaintiff's claim "across the line from conceivable to plausible." *Id.* at 680 (citation omitted); *cf. Newby v. Obama*, 681 F. Supp. 2d 53, 56 (D.D.C. 2010) ("No federal question exists 'when the complaint is patently insubstantial.'" (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)).

The aforementioned attachment to Plaintiff's complaint relates claims that Plaintiff previously raised in a formal complaint of discrimination with the Department. *See* Ex. at 1. However, it is unclear whether those claims form the basis of Plaintiff's action here—Plaintiff's complaint completely fails to reference the attachment and does nothing to put its contents in context. *See generally* Compl. Litigants, especially those represented by counsel, "cannot generally be permitted to shift the burden of litigating [their] case to the courts." *Wells v. Trump*, Civ. A. No. 25-1598 (APM), 2025 WL 1488023, at *2 (D.D.C. May 3, 2025) (quoting *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983)); *see also Sun v. Dist. of Columbia Gov't*, 133 F. Supp. 3d 155, 168 n.6 (D.D.C. 2015) ("[I]t is not the Court's job to canvass the record for documents supporting a pro se party's position."), *aff'd*, 686 F. App'x 5 (D.C. Cir. 2017). The Court should decline to attempt to ascertain allegations in support of Plaintiff's claim from this unexplained attachment.

Moreover, even if the Court concludes that, through the attachment, Plaintiff has plead facts in support of her Title VII claim, Plaintiff has still failed to plausibly allege essential elements of such claim. To state a hostile work environment claim, a plaintiff must plausibly allege that her "employer subjected [her] to discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Hill v. Assocs. for Renewal in Educ., Inc.*, 897 F.3d 232, 237 (D.C. Cir. 2018) (quotation marks omitted). Here, Plaintiff does not come close to pleading the sort of severe or pervasive conduct necessary to state a hostile work environment claim. *See Stewart v. Evans*, 275 F.3d 1126, 1134-35 (D.C. Cir. 2002) (use of profanities inadequate where language was not pervasive); *Bell v. Gonzales*, 398 F. Supp. 2d 78, 92 (D.D.C. 2005) (sporadic use of abusive language insufficient to establish a hostile work environment). Likewise, Plaintiff fails to plead

that the purported hostile work environment was based on a Title VII prohibited factor (e.g., religion). *See Peters v. Dist. of Columbia*, 873 F. Supp. 2d 158, 190 (D.D.C. 2012) ("Indeed, even rude office conduct that generates stressful working conditions does not create liability for discrimination under Title VII, unless that conduct is 'permeated with discriminatory intimidation, ridicule, and insult.'" (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

## IV. <u>Plaintiff Did Not Properly Effect Service of Process</u>

Finally, despite retaining counsel shortly after initiating this action, Plaintiff failed to properly effect service of process on Defendants. "When serving a United States agency or a United States officer or employee sued in an official capacity, 'a party must serve the United States' and 'also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.'" *Gordon v. Mayorkas*, Civ. A. No. 22-2309 (APM), 2023 WL 3976911, at *1 (D.D.C. June 13, 2023) (quoting Fed. R. Civ. P. 4(i)(2)). "To serve the United States, a party must (1) either 'deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought' or mail a copy of each 'to the civil-process clerk at the United States attorney's office,' and (2) send a copy of each to the Attorney General of the United States." *Id.* (quoting Fed. R. Civ. P. 4(i)(1)). "Rule 4 provides ninety days to complete service, and it instructs that '[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.'" *Morrissey v. Mayorkas*, 17 F.4th 1150, 1154 (D.C. Cir. 2021) (quoting Fed. R. Civ. P. 4(m)). This is true even where a plaintiff suing a federal agency serves the agency, but fails to timely serve the relevant U.S. attorney's office. *See id.* at 1156 (holding district court did not abuse its discretion by dismissing suit where plaintiff properly served the agency defendant, but failed to properly serve the Attorney General and relevant U.S. attorney's office).

Here, Plaintiff failed to properly effect service on Defendants because she did not timely serve a copy of the complaint on the U.S. Attorney's Office for the District of Columbia. Plaintiff filed her complaint on February 14, 2025. *See* Dkt. However, Plaintiff did not serve a copy of the complaint on the U.S. Attorney's Office for the District of Columbia until October 10, 2025 (i.e., 238 days later)—far more than the 90 days permitted under Fed. R. Civ. P. 4(m). *See* Return of Serv. (ECF No. 8). Although *pro se* litigants "are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings," *Moore v. Agency for Int'l Dev.*, 994 F. 2d 874, 876 (D.C. Cir. 1993), Plaintiff has been represented by counsel for all but two weeks of this case—and for 72 days of the 90-day period. *See* Not. of Appearance, ECF No. 3 (filed Mar. 12, 2025). Although Fed. R. Civ. P. 4(m) provides that the Court must extend the time for service where the plaintiff shows "good cause" for their untimeliness, Plaintiff has failed to do so here, despite plainly having the burden of doing so. *See Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) ("[T]he party on whose behalf service is made has the burden of establishing its validity when challenged." (internal quotation marks and citation omitted)).[2] Accordingly, to the extent

[2] Simple neglect to meet the service requirements of Fed. R. Civ. P. 4 without an explanation is an insufficient basis to extend the rule's service period. To the contrary, "'good cause exists when some outside factor . . . rather than inadvertence or negligence, prevented service,' for example, a defendant's intentional evasion of service." *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012) (quoting *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281-82 (11th Cir. 2007) (concluding that plaintiffs failed to show good cause where timely service failure was "due to the plaintiffs' own negligence")); *see, e.g.*, *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 614 (8th Cir. 2003) (notwithstanding expiration of statute of limitations and defendant's notice of suit, affirming dismissal when service was completed one day late); *Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007) (affirming dismissal under Rule 4(m) when defendant was served 4 days after expiration of the period for service); *Carodiskey v. Goodwill Indus. of Pittsburgh*, Civ. A. No. 09- 0992, 2010 WL 956657, at *2 (W.D. Pa. Mar. 12, 2010) (dismissing case where "the lack of diligence by Plaintiff's counsel continued beyond the initial [service] period," and whose conduct "constitutes inadvertence, half-hearted efforts, and/or disregard for the rules of service"); *see also Gartin v. Par Pharms. Cos.*, 289 F. App'x 688, 694-95 (5th Cir. 2008) ("Rule 4(m) must have some teeth if it is to avoid becoming a last-ditch, federal tolling mechanism for dilatory" plaintiffs).

Plaintiff's complaint is not dismissed under Fed. R. Civ. P. 12(b)(6), it should be dismissed under Fed. R. Civ. P. 12(b)(5).

**CONCLUSION**

For the foregoing reasons, the Court should dismiss Plaintiff's complaint.

Dated: December 9, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *\/s/ William Thanhauser*

WILLIAM THANHAUSER, D.C. Bar #1737034
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7706

*Attorneys for the United States of America*