**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALFRITA SIMMONS ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 25-0437 (TSC)** |
| ) | |
| DOUGLAS A. COLLINS, ) | |
| Secretary of Veterans Affairs, et al., ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS'
### MOTION TO DISMISS

Plaintiff Alfrita Simmons ("Ms. Simmons" or "Plaintiff"), by and through undersigned counsel, respectfully submits this Opposition to Defendants' Motion to Dismiss (ECF No. 10). For the reasons set forth below, the Motion should be denied. Alternatively, to the extent the Court finds any pleading defects, Plaintiff respectfully requests dismissal without prejudice and an opportunity to amend within twenty-one (21) days, with the Motion held in abeyance or denied without prejudice to renewal following amendment.

### BACKGROUND

This action arises from Plaintiff's work at the Veterans Canteen Service ("VCS") and her allegations of a hostile work environment and related workplace misconduct, including an incident of physical assault by a co-worker, followed by termination of her engagement. Plaintiff filed her Complaint pro se on February 14, 2025.

Plaintiff entered into a service contract with Veterans Canteen Service, a component of the Department of Veterans Affairs on May 17, 2024,  She alleges that she was subjected to a

1

hostile work environment and then physically assaulted by a co-worker while performing work at VCS, and that she suffered lost wages and damages as a result. Plaintiff also submitted an administrative record reflecting that she raised a hostile work environment claim based on religion, and that the agency dismissed her EEO complaint.  In dismissing her complaint, the Agency issued a Final Agency Decision concluding that "[a]fter examination  of the factors specified in Ma, the weight of the factors indicates that the Agency did not exercise sufficient control over your employment to establish standing for you to bring an action under the federal EEO complaint process, and specifically to qualify you as an Agency employee for purposes of 29 C.F.R. Section 1614." Final Agency Decision at 2-3.

Plaintiff filed a timely complaint in this court on February 14, 2025 and sued Doug Collins, the Secretary of the Veterans Administration, James Leahy, Director of the Veteran Canteen and Cassie Darnell, the Canteen Chief.  Proceeding pro se, she  served the individual defendants and filed notice of Return of Service on March 3, 2025.  It was later determined that there was an error with the service Defendant Collins because Plaintiff did not submit and receive a summons for the US Attorney General and the US Attorney for the District of Columbia.  A Return of Service Affidavit was  filed on October 29, 2025.

Defendants seek dismissal on four grounds: (1) the Secretary of Veterans Affairs is the only proper Title VII defendant; (2) Plaintiff allegedly was not a federal employee; (3) the Complaint allegedly fails to plead a plausible Title VII hostile work environment claim; and (4) Plaintiff allegedly failed to timely effect service.

Defendant's motion to dismiss should be denied for a number of reasons.  First, Plaintiff is requesting leave to file an Amended Complaint.   The arguments advanced by the Defendants that the Complaint fails to state a claim can be cured in an Amended Complaint.   Plaintiff

acknowledges that additional facts are needed support the claims, and Plaintiff requests leave to file an Amended Complaint.  Next,  as it relates to Defendants' James Leahy and Cassie Darnell, Defendants' motion is untimely.  Defendants' Leahy and Darnell were served with the Complaint on March 3, 2025 and were required to respond within 60 days and failed to do so.  Defendants did not respond until they filed a motion to dismiss on December 9, 2025.  Although Defendants' Leahy and Darnell's motion to dismiss is untimely, an Amended Complaint is needed to support the claims.

Each ground asserted by Defendant is either curable or depends on fact-intensive questions unsuitable for resolution on the current Rule 12 record. At minimum, Plaintiff should be afforded an opportunity to amend to plead additional facts.

**LEGAL STANDARD**

**A. Rule 12(b)(6)**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must construe the complaint in the light most favorable to the plaintiff and draw reasonable inferences in her favor. See, e.g., *Ho v. Garland*, 106 F.4th 844, 851 (D.C. Cir. 2024). Because Plaintiff filed pro se, her allegations are entitled to a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court may also consider documents attached to or incorporated by reference in the complaint without converting the motion to one for summary judgment.

**B. Rule 12(b)(5)**

3

A motion under Rule 12(b)(5) challenges the sufficiency of service of process. The party on whose behalf service is made bears the burden of establishing that service was valid. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). When an action is brought against a federal agency or officer in an official capacity, Rule 4(i) requires service on the United States (the U.S. Attorney for this District and the U.S. Attorney General) and on the agency/officer. Fed. R. Civ. P. 4(i)(1)–(2). If service is not completed within the Rule 4(m) period, the Court must either dismiss without prejudice or order service within a specified time, and it retains discretion to extend the deadline even absent "good cause." See *Morrissey v. Mayorkas*, 17 F.4th 1150, 1157 (D.C. Cir. 2021).

In suits involving the United States, the Rules further provide an added protection: where a party has served either the U.S. Attorney or the Attorney General but has failed to serve another required person under Rule 4(i), "the court must allow a party a reasonable time to cure its failure." Fed. R. Civ. P. 4(i)(4)(A). The Rules are to be applied to secure the just determination of every action, and technical defects in service should not be used to defeat meritorious claims where cure will cause no prejudice. See *Henderson v. United States*, 517 U.S. 654, 662–63 (1996).

**ARGUMENT**

### I.     The Secretary Is Not the Only Proper Defendant

It is not disputed that Defendants Leahy and Darnell were served in a timely manner. Defendant Collins was also served by the Plaintiff when she was proceeding pro se. Plaintiff did not serve a copy of the summons and Complaint on the US Attorney for DC and the US Attorney General until it was discovered that they had not been served.

In a federal-sector Title VII action, "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). District courts in this Circuit

routinely dismiss redundant individual defendants in federal-sector Title VII cases. See *Wilson v. Dep't of Transp.*, 759 F. Supp. 2d 55, 67 (D.D.C. 2011); *Ransom v. Mayorkas*, Civ. A. No. 24-0692 (RC), 2025 WL 947514, at \*4 (D.D.C. Mar. 28, 2025).

Plaintiff entered into an employment service contract with Veteran Canteen. Plaintiff was not a VA employee. In its Final Agency Decision, the VA concluded that Plaintiff was not a VA employee. A detailed complaint needs to be filed before the Court can determine if there is a sufficient basis to conclude whether Veteran Canteen and Defendants Leahy and Darnell, as employees of Veteran Canteen may be held liable. Further, given the accusation of an assault, Plaintiff may have a Bivens action against individual Defendants. Defendants Leahy and Darnell should not be dismissed until Plaintiff has an opportunity to file an Amended Complaint.

**II.    Service Issues Do Not Warrant Dismissal; Any Defect Is Curable and the Court Should Extend Time to Cure or Deem Service Sufficient**

Defendants argue dismissal under Rule 12(b)(5) because Plaintiff did not timely serve the U.S. Attorney's Office for the District of Columbia within the Rule 4(m) period, contending service occurred on October 10, 2025. Plaintiff respectfully submits that dismissal is inappropriate for at least four reasons.

**A.    Rule 4's service provisions in suits against federal agencies/officers should be applied to secure substantial justice, not to create a trap**

Rule 4 is meant to facilitate "the just, speedy, and inexpensive determination" of actions, not to set traps. *Henderson*, 517 U.S. at 672 (explaining that modern Rule 4 was designed to reduce dismissals on technical grounds). Here, Defendants have appeared, filed a merits motion, and cannot plausibly claim prejudice from allowing cure. Under these circumstances, dismissal is disfavored.

**B.    Rule 4(i) contemplates a reasonable time to cure defects in service involving the United States**

5

When suing a federal officer or agency, Rule 4(i)(4)(A) provides that if a party has served either the United States Attorney or the Attorney General but has failed to serve another person required under Rule 4(i), "the court must allow a party a reasonable time to cure its failure." Fed. R. Civ. P. 4(i)(4)(A).  Here, proceeding pro se, Plaintiff served Defendant Collins but did not serve the US Attorney or the Attorney General until it was determined by counsel that there was an issue with the service. Accordingly, to the extent the Court finds any component of Rule 4(i) service incomplete or untimely, the appropriate remedy is an order permitting cure—not dismissal.

### C.      Rule 4(m) permits extension of time, and the equities favor extension here

The D.C. Circuit recognizes that district courts have discretion to extend the Rule 4(m) service period even absent good cause. *Mann*, 681 F.3d at 375; *Morrissey*, 17 F.4th at 1157. Several equitable factors support extension here, including Plaintiff's pro se status at filing, her efforts to effect service in a procedurally complex federal-officer case, Defendants' prompt appearance and notice, and the absence of prejudice. The Court should therefore deny dismissal under Rule 12(b)(5) and, if necessary, order service be completed within a specified time.

### III.    Defendants' Rule 12(b)(6) Arguments Are Premature and/or Rest on Fact-Intensive Questions; the Complaint and Submissions Plausibly State a Title VII Claim

Defendants argue that the Complaint must be dismissed because (i) Plaintiff was allegedly not a federal "employee" covered by Title VII's federal-sector provision and (ii) Plaintiff allegedly fails to plead a plausible hostile work environment. Both arguments either rest on disputed, fact-intensive issues that are ill-suited for resolution on a thin Rule 12 record or can be cured through amendment.

### A.      Whether Plaintiff was an "employee" or "joint employee" is fact-intensive and should not be resolved on this minimal record

6

Title VII's federal-sector provision applies to federal "employees." 42 U.S.C. § 2000e-16(a). The D.C. Circuit instructs courts to apply traditional agency-law control principles to determine whether an individual is an employee, independent contractor, or joint employee, with "control" as the "principal guidepost." *Al-Saffy v. Vilsack*, 827 F.3d 85, 96–97 (D.C. Cir. 2016) (cleaned up); *Spirides v. Reinhardt*, 613 F.2d 826, 832 (D.C. Cir. 1979).

Under *Spirides*, courts consider a multi-factor "economic realities" inquiry including who directs the work, who supplies the worksite and equipment, the method of payment, how the relationship is terminated, and whether leave, benefits, and tax treatment resemble employment. *Spirides*, 613 F.2d at 832. Under the overlapping joint-employer formulation, courts ask whether the putative employer retained sufficient control over hiring/firing, work rules and schedules, day-to-day supervision and discipline, and employment records. See *Doe v. Lee*, Civ. A. No. 19-0085 (DLF), 2020 WL 759177, at *7 (D.D.C. Feb. 14, 2020) (listing factors); see also *Nguedi v. Admin. Off. of United States Ct.*, Civ. A. No. 23-2965 (RDM), 2024 WL 4957266, at *4 (D.D.C. Dec. 3, 2024) (core inquiry is degree of control).

Defendants rely primarily on an agency letter characterizing Plaintiff as a "contract employee." That document may be considered at this stage, *Abhe & Svoboda*, 508 F.3d at 1059, but it is not dispositive of the legal question of employee or joint-employer status under *Spirides*/*Al-Saffy*. The relevant inquiry turns on the actual relationship and the degree of control exercised in practice—facts that typically require development through amendment and, where appropriate, limited discovery.

At minimum, Plaintiff should be allowed to amend to plead additional facts concerning supervision, scheduling, discipline, work rules, payment method, and termination.

**B.      Plaintiff's hostile work environment allegations, construed liberally and together with her submissions, clear the plausibility threshold**

To state a hostile work environment claim, a plaintiff must plausibly allege unwelcome conduct that was "sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment," and that occurred because of a protected characteristic. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–23 (1993); *Faragher v. City of Boca Raton*, 524 U.S. 775, 786–88 (1998). The "severe or pervasive" inquiry is contextual, considering frequency, severity, whether the conduct is physically threatening or humiliating, and whether it unreasonably interferes with work. *Harris*, 510 U.S. at 23. The D.C. Circuit applies the same framework, recognizing that sufficiently severe events may be actionable even if not repeated. See *Baird v. Gotbaum*, 662 F.3d 1246, 1250–51 (D.C. Cir. 2011) (applying Morgan analysis to hostile environment and emphasizing totality of circumstances).

Here, Plaintiff alleges (among other misconduct) a physical assault at the workplace. Physical assault is the type of conduct courts routinely recognize as severe. See *Faragher*, 524 U.S. at 788 (noting "extremely serious" isolated incidents can suffice). Plaintiff's submissions further reflect that she raised hostile-environment allegations tied to religion. At the pleading stage—especially where the operative complaint was filed pro se—these allegations are sufficient to cross the plausibility threshold, or at minimum to warrant leave to amend to plead additional detail regarding the nature, timing, perpetrators, reports, and protected-basis nexus.

### IV.    Alternative Relief

Rule 15 embodies a liberal amendment policy: leave to amend should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Where a complaint is dismissed without prejudice, amendment is the ordinary course, absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. Id. Accordingly, if the Court concludes that additional factual detail is necessary on employment status or the hostile work environment elements, Plaintiff respectfully requests dismissal without

8

prejudice, see *Cohen v. Board of Trustees of the Univ. of the District of Columbia*, 819 F.3d 476 (D.C. Cir. 2016) (reversal of district court's dismissal with prejudice, emphasizing the serious consequences and the preference to avoid de facto with prejudice dismissal when procedural defaults are at issue. Plaintiff request a defined period of twenty-one (21) days to file an amended complaint. Plaintiff further requests that the Court hold Defendants' Motion in abeyance pending amendment or deny it without prejudice to renewal after Plaintiff files an amended complaint.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss.

Alternatively, Plaintiff requests that the Court (i) deny dismissal under Rule 12(b)(5) and allow service to be cured, and (ii) to the extent any pleading deficiencies are found, dismiss without prejudice and grant Plaintiff twenty-one (21) days to file an amended complaint, with the Motion held in abeyance or denied without prejudice to renewal following amendment.

Date: December 23, 2025                                   Respectfully submitted,

                                                         */s/ David A. Branch*
                                                         David A. Branch
                                                         D.C. Bar No. 438764
                                                         Law Office Of David A. Branch &
                                                         Associates, PLLC
                                                         1120 Connecticut Avenue, NW, Suite 500
                                                         Washington, DC 20036
                                                         Tel: (202) 785-2805
                                                         Email: davidbranch@dbranchlaw.com
                                                         *Counsel for Plaintiff*

9