UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALFRITA SIMMONS,

        Plaintiff,

    v.

DOUGLAS A. COLLINS, Secretary of
Veterans Affairs, et al.,

        Defendants.

Civil Action No. 25-0437 (TSC)

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

Table of Contents ................................................................................................................. i

Table of Authorities ............................................................................................................ ii

Argument .............................................................................................................................1

    I.     Plaintiff Is Not Entitled to the Less Stringent Standards Afforded to Pro Se Litigants ......................................................................................................1

    II.    Defendants' Motion to Dismiss Was Timely ........................................................2

    III.   Dismissal Is Warranted Under Rule 12(b)(6) .......................................................3

         A.    Plaintiff Does Not Plausibly Allege That She Was a Federal Employee ....3

         B.    Plaintiff Does Not Plausibly Allege Essential Elements of Her Claim .......4

    IV.   Dismissal Is Warranted Under Rule 12(b)(5) .......................................................6

    V.    "Alternative Relief" Under Rule 15 ......................................................................7

Conclusion ...........................................................................................................................8

## TABLE OF AUTHORITIES

**Cases**

*Al-Saffy v. Vilsack*,
827 F.3d 85 (D.C. Cir. 2016) ..................................................................................................3

*Banks v. Booth*,
3 F.4th 445 (D.C. Cir. 2021)....................................................................................................2

*Bergbauer v. Mabus*,
934 F. Supp. 2d 55 (D.D.C. 2013) ..........................................................................................5

*Camps v. C & P Tel. Co.*,
692 F.2d 120 (D.C. Cir. 1981)................................................................................................2

*Dews v. Howard Univ. Hosp.*,
Civ. A. No. 24-1490 (DLF), 2025 WL 2377993 (D.D.C. Aug. 15, 2025)..................................5

*Doe v. Lee*,
Civ. A. No. 19-0085 (DLF), 2020 WL 759177 (D.D.C. Feb. 14, 2020) ......................................4

*Dozier v. Ford Motor Co.*,
702 F.2d 1189, 1194 (D.C. Cir. 1983) .....................................................................................6

*Erickson v. Pardus*,
551 U.S. 89 (2007) (per curiam))..............................................................................................1

*Farragher v. City of Boca Raton*,
524 U.S. 775 (1998).................................................................................................................5

*Fields v. Vilsack*,
207 F. Supp. 3d 80 (D.D.C. 2016)............................................................................................5

*Gill v. Mayor of Dist. of Columbia*,
Civ. A. No. 07-0064 (EGS), 2007 WL 1549100 (D.D.C. May 25, 2007)....................................8

*Golden v. Mgmt. & Training Corp.*,
266 F. Supp. 3d 277 (D.D.C. 2017).........................................................................................4

*Ham v. Ayers*,
318 F. Supp. 3d 296 (D.D.C. 2018)..........................................................................................5

*Hill v. Assocs. for Renewal in Educ., Inc.*,
897 F.3d 232 (D.C. Cir. 2018)..................................................................................................5

*Ho v. Garland*,
106 F. 4th 47 (D.C. Cir. 2024)..................................................................................................1

*Lepone-Dempsey v. Carroll County Comm'rs*,
476 F.3d 1277 (11th Cir. 2007) ................................................................................6

*Mack v. Aspen of D.C., Inc.*,
248 F. Supp. 3d 214 (D.D.C. 2017) ..........................................................................4

*Mann v. Castiel*,
681 F.3d 368 (D.C. Cir. 2012)............................................................................2, 6, 7

*Moore v. Agency for Int'l Dev.*,
994 F.2d 874 (D.C. Cir. 1993) ..................................................................................7

*Nat'l R.R. Passenger Corp. v. Morgan*,
536 U.S. 101 (2002) ..................................................................................................5

*Rollins v. Wackenhut Servs., Inc.*,
703 F.3d 122 (D.C. Cir. 2012) ..................................................................................7

*Smith v. District of Columbia*,
430 F.3d 450 (D.C. Cir. 2005) ..................................................................................7

*Spirides v. Reinhardt*,
613 F.2d 826(D.C. Cir. 1979) ....................................................................................3

*Wells v. Trump*,
Civ. A. No. 25-1598 (APM), 2025 WL 1488023 (D.D.C. May 3, 2025) ..................6

## Statutes, Regulations, Rules, and Other Authorities

42 U.S.C. § 2000e–16 ............................................................................................1, 7

Fed. R. Civ. P. 4..........................................................................................................6

Fed. R. Civ. P. 7..........................................................................................................7

Fed. R. Civ. P. 12....................................................................................................2, 3

Defendants, by and through the undersigned counsel, respectfully submit this reply in further support of their motion to dismiss Plaintiff Alfrita Simmons's complaint, ECF No. 1.  For the reasons described herein and Defendants' opening brief, ECF No. 10 (Defs.' Mot.), Plaintiff's complaint warrants dismissal under Federal Rules of Civil Procedures ("Rules") 12(b)(6) and 12(b)(5).

## ARGUMENT

Defendants explained in their motion that: (1) because the basis for Plaintiff's claim is Title VII, under which the only proper defendant is "the head of the department" that employed Plaintiff, such claim should be dismissed against Defendants Leahy and Darnell, Defs.' Mot. 2-3 (citing 42 U.S.C. § 2000e-16(c)(1)); (2) Plaintiff failed to plausibly allege that she was a federal employee within the scope of Title VII's federal sector provision, *id.* at 3-6; (3) Plaintiff failed to plausibly allege essential elements of a hostile work environment claim, *id.* at 6-8; and (4) Plaintiff did not properly effectuate service of process, *id.* at 8-10.  Plaintiff opposes Defendants' motion, contending, among other things, that her claim clears the plausibility threshold, ECF No. 13 (Pl.'s Opp.) at 7-8, and the Court should excuse her failure to properly effectuate service of process, *id.* at 5-6.  As discussed below, Plaintiff's arguments are unavailing.

## I.    Plaintiff Is Not Entitled to the Less Stringent Standards Afforded to Pro Se Litigants

As an initial matter, contrary to Plaintiff's suggestion otherwise, *see* Pl.'s Opp. at 3 & 7, because Plaintiff has been represented by counsel for nearly the entirety of this action, she is not entitled to treatment as a pro se litigant.  Pro se litigants are "held to less stringent standards" under which their filings are "liberally construed." *Ho v. Garland*, 106 F. 4th 47, 50 (D.C. Cir. 2024) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).  This is because pro se litigants "may not fully understand the importance of precise compliance with court directives" and "should

not be treated more harshly than litigants who have the funds to retain lawyers to advise and represent them." *Camps v. C & P Tel. Co.*, 692 F.2d 120, 123 (D.C. Cir. 1981). Such concerns do not apply here. As discussed in Defendants' motion, *see* Defs.' Mot. at 1 n.1 & 9, Plaintiff has been represented by counsel for all but the first few weeks of this matter—Plaintiff filed her complaint on February 14, 2025, and, shortly thereafter, opposing counsel entered his appearance on Plaintiff's behalf on March 12, 2025. *See* ECF Nos. 1 & 3. Treating Plaintiff as pro se when she has been represented by counsel for nearly the entirety of this litigation (including nearly nine months prior to the undersigned counsel entering appearance on behalf of Defendants) would undermine the purpose of treating pro se litigants less stringently, and potentially incentivize "strategic pleading . . . to evade [procedural] requirements" (e.g., retaining counsel, filing a complaint, and then dismissing counsel and proceeding pro se prior to the court resolving the complaint, so as to gain the benefit of pro se status). *Banks v. Booth*, 3 F.4th 445, 449 (D.C. Cir. 2021). On these facts, the "additional latitude" a court "typically affords pro se litigants" is "unwarranted" for Plaintiff. *Mann v. Castiel*, 681 F.3d 368, 377 (D.C. Cir. 2012).

## II.    Defendants' Motion to Dismiss Was Timely

Likewise, contrary to Plaintiff's suggestion otherwise, *see* Pl.'s Opp. at 3, Defendants' motion to dismiss was timely. Plaintiff agrees that, in a Title VII action like this one, the head of the department that allegedly employed the plaintiff—here, Defendant Collins—is the only proper defendant; and, as such, service had to be effectuated on the U.S. Attorney's Office for the District of Columbia and the Attorney General. *See id.* at 4. Plaintiff did not serve the U.S. Attorney's Office for the District of Columbia until October 10, 2025. *See* ECF No. 8. Accordingly, Defendants' motion to dismiss was not due until December 9, 2025, *see* Fed. R. Civ. P. 12(a)(2)

- 2 -

(providing that the United States must file its responsive pleading within 60 days after service on the U.S. attorney)—the date Defendants filed their motion, *see* ECF No. 10.[1]

### III.   Dismissal Is Warranted Under Rule 12(b)(6)

Defendants explained in their motion that Plaintiff's Title VII claim failed as a matter of law because Plaintiff failed to plausibly allege both that she was a federal employee within the scope of Title VII's federal sector provision, *see* Defs.' Mot. at 3-6, and the essential elements of a hostile work environment claim, *see id.* at 6-8.  In opposition, Plaintiff contends that the question of whether she was a federal employee is "fact-intensive" and necessitates further development through, as appropriate, discovery, *see* Pl.'s Opp. at 6-7; and that her claim "construed liberally," clears the plausibility threshold, *see id.* at 7-8.  Neither of Plaintiff's contentions is persuasive.

#### A.   Plaintiff Does Not Plausibly Allege That She Was a Federal Employee

First, Plaintiff's opposition confirms her status as an independent contractor outside the scope of Title VII's federal sector provision.  In her opposition, Plaintiff concedes that she "was not a VA employee." Pl.'s Opp. at 5.  This concession should end the inquiry: Title VII's federal sector provision "covers only individuals in a direct employment relationship with a government employer," *Al-Saffy v. Vilsack*, 827 F.3d 85, 96 (D.C. Cir. 2016) (cleaned up), and "[i]ndividuals who are independent contractors or those not directly employed by such an employer are unprotected," *Spirides v. Reinhardt*, 613 F.2d 826, 829 (D.C. Cir. 1979) (footnote omitted).

---

[1]   Plaintiff states that she "may have a Bivens action against individual Defendants" Leahy and Darnell.  Pl.s' Opp. at 5.  However, such potential claims, which Plaintiff has not brought, are of no consequence in determining Defendants' responsive pleading deadline; and, even if brought in Plaintiff's complaint, Defendants' responsive pleading deadline would be the same. *See* Fed. R. Civ. P. 12(a)(3) (providing that a federal officer or employee sued in their individual capacity must file a responsive pleading "within 60 days after service on the officer or employee or service on the [U.S.] attorney, whichever is later").

Nonetheless, further still, Plaintiff wholly fails to address, let alone refute, the facts alleged in her pleadings demonstrating her status as an independent contractor. Plaintiff summarily states that such facts are "not dispositive of the legal question," but points to no contrary facts in her pleadings indicating she was a federal employee. Pl.'s Opp. at 7. So alleged, Plaintiff has failed to plausibly allege that she was a federal employee, thus warranting dismissal of her claim. *See Doe v. Lee*, Civ. A. No. 19-0085 (DLF), 2020 WL 759177, at *7-8 (D.D.C. Feb. 14, 2020) (dismissing Title VII claim where plaintiff "failed to allege a joint-employer relationship" and included, in her pleadings, "no allegations that [the defendant] controlled the terms and conditions of [her] employment"); *Golden v. Mgmt. & Training Corp.*, 266 F. Supp. 3d 277, 287 n.8 (D.D.C. 2017) ("Although the joint employment inquiry is fact intensive and a plaintiff need not allege every facet of a relationship in order to sufficiently allege that a defendant is a joint employer, more is needed here."); *Mack v. Aspen of D.C., Inc.*, 248 F. Supp. 3d 214, 220 (D.D.C. 2017) ("[Plaintiff] must provide more detail than she has for the Court to include that the District was her employer for purposes of Title VII liability . . . . Because of the paucity of her allegations . . . she has not sufficiently alleged that the District was her 'employer' for purposes of Title VII.")

**B.      Plaintiff Does Not Plausibly Allege Essential Elements of Her Claim**

In their motion, Defendants recognized that Plaintiff's complaint included an allegation of physical assault by a co-worker. *See* Defs.' Mot. at 6. Defendants noted, however, that Plaintiff offered no additional facts regarding this incident and otherwise in support of a hostile work environment claim. *See* Pl.'s Opp. at 7-8. And Defendants observed that Plaintiff, in alleging only a single incident with spare facts, did not plead the sort of severe or pervasive conduct necessary to state a hostile work environment. *See id.* at 7.

Plaintiff, in her opposition, contends that the incident alleged is "the type of conduct courts routinely recognize as severe." *Id.* at 8. Although Plaintiff is correct that an "extremely serious"

- 4 -

act, *Farragher v. City of Boca Raton*, 524 U.S. 775, 778 (1998), by itself, may suffice for a hostile work environment claim,[2] Plaintiff wholly fails to plead facts to plausibly allege that the subject incident fits the bill.  Even incidents of assault must "involve . . . serious, physical violence," *Fields v. Vilsack*, 207 F. Supp. 3d 80, 94 (D.D.C. 2016), and Plaintiff fails to allege facts to support the inference that the subject incident was serious.  *Cf. Dews v. Howard Univ. Hosp.*, Civ. A. No. 24-1490 (DLF), 2025 WL 2377993, at *3 (D.D.C. Aug. 15, 2025) (collecting cases dismissing hostile work environment claims involving isolated incidents of sexual assault).  In addition, as explained in Defendants' motion, *see* Defs.' Mot. at 6-8, Plaintiff fails to allege, e.g., that this incident was based on a Title VII prohibited factor, and other essential elements, such as that it took place in the workplace, and that it altered the conditions of her employment.  *See, e.g.*, *Bergbauer v. Mabus*, 934 F. Supp. 2d 55, 78 (D.D.C. 2013) (dismissing hostile work environment claim where alleged incidents "took place outside of the workplace, outside of work hours"); *see Hill v. Assocs. for Renewal in Educ., Inc.*, 897 F.3d 232, 237 (D.C. Cir. 2018) (to state a hostile work environment claim, a plaintiff must plausibly allege that her "employer subjected [her] to discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment").

Finally, although Plaintiff contends that the attachment to her complaint "further reflect[s] that she raised hostile-environment allegations tied to religion," Pl.'s Opp. at 8, the attachment does no such thing—it does not allege any incidents clearly stemming from Plaintiff's religion. Moreover, as explained in Defendants' motion, Defs.' Mot. at 7, because Plaintiff's complaint

---

[2]    *But see Ham v. Ayers*, 318 F. Supp. 3d 296, 303 (D.D.C. 2018) ("[a] single incident of hostility is rarely sufficient to qualify" for a hostile work environment claim); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002) ("Hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct . . . . [A] single act of harassment may not be actionable on its own.").

completely fails to reference this attachment, it is unclear whether the claims therein form the basis of Plaintiff's action here and Plaintiff, represented by counsel, "cannot . . . be permitted to shift the burden of litigating [her] case to the courts." *Wells v. Trump*, Civ. A. No. 25-1598 (APM), 2025 WL 1488023, at *2 (D.D.C. May 3, 2025) (quoting *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983)).

## IV.    <u>Dismissal Is Warranted Under Rule 12(b)(5)</u>

Defendants also explained in their motion that Plaintiff had failed to properly effect service of process on Defendants and, as such, to the extent Plaintiff's complaint is not dismissed under Rule 12(b)(6), it should be dismissed under Rule 12(b)(5). Defs.' Mot. at 8-10. In opposition, Plaintiff concedes that she did not properly effect service of process, *see* Pl.'s Opp. at 2, but contends that dismissal is nonetheless inappropriate, *see id.* at 5-6.

Rule 4(m) provides that, where a plaintiff fails to effectuate service within 90 days after the complaint is filed, the Court must either dismiss the action without prejudice or order that service be made within a specified time; but, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. In this matter, Plaintiff did not effectuate service until 238 days after filing her complaint—or, 148 days after the deadline to do so. *See* Return of Serv. (ECF No. 8). Plaintiff's opposition appears to suggest that good cause exists here because of "Plaintiff's pro se status at filing, her efforts to effect service in a procedurally complex federal-officer case, Defendants' prompt appearance and notice, and the absence of prejudice." Pl.'s Opp. at 5-6. But none of these reasons qualifies as good cause. "'[G]ood cause exists when some outside factor . . . rather than inadvertence or negligence, prevented service,' for example, a defendant's intentional evasion of service." *Mann*, 681 F.3d at 374 (quoting *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281-82 (11th Cir. 2007). Although "good cause" can be shown where a plaintiff is proceeding pro se and makes

unsuccessful attempts to effect service, *see Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993), as noted in Defendants' motion, *see* Defs.' Mot. at 9, Plaintiff has been represented by counsel for nearly the entirety of this litigation, including 72 of the 90-day period for effectuating service. Moreover, based on the face of the complaint, this matter does not appear to be procedurally complex; and Defendants' prompt appearance and the alleged absence of any prejudice to Defendants are of no consequence when assessing whether *Plaintiff* has "good cause" for her failure to effectuate timely service. Finally, "'[i]n the absence of any motion for an extension, the trial court ha[s] no basis on which to exercise its discretion' to grant an extension after a filing deadline has passed." *Mann*, 681 F.3d at 375 (quoting *Smith v. District of Columbia*, 430 F.3d 450, 457 (D.C. Cir. 2005)). Plaintiff has not so moved.

## V.    "Alternative Relief" Under Rule 15

As alternatives to her opposition, Plaintiff requests that Defendants' motion be held "in abeyance pending amendment [of her complaint]" or, should the Court dismiss her complaint, it do so without prejudice while granting her a "defined period . . . to file an amended complaint." Pl.'s Opp. at 8-9. With respect to Plaintiff's request that Defendants' motion be held in abeyance, she has neither moved for such relief nor moved for leave to amend her complaint. Accordingly, the Court should not entertain this request. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion . . . ."). With respect to Plaintiff's request that, should the Court dismiss her complaint, it do so without prejudice, dismissal without prejudice is only warranted where "the allegation of other facts consistent with the challenged pleading could . . . possibly cure the deficiency." *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 131 (D.C. Cir. 2012) (internal citation and quotation marks omitted). Here, for Plaintiff's claims against Defendants Leahy and Darnell, such claims are brought against improper defendants, *see* Defs.' Mot. at 2-3; 42 U.S.C. § 2000e-16(c)(1); accordingly, the defect in the claims against them cannot be cured, and dismissal

with prejudice is warranted. *See, e.g.*, *Gill v. Mayor of Dist. of Columbia*, Civ. A. No. 07-0064 (EGS), 2007 WL 1549100, at *3 (D.D.C. May 25, 2007) (dismissing with prejudice official capacity claims against improper defendants). And, for Plaintiff's claim against Defendant Collins, Plaintiff has conceded that she was "not a VA employee," Pl.'s Opp. at 5, and thus outside the scope of Title VII's federal sector provision. This defect likewise cannot be cured, thus warranting dismissal with prejudice of the claim.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's complaint.

Dated: January 12, 2026                    Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:            */s/ William Thanhauser*
WILLIAM THANHAUSER, D.C. Bar #1737034
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7706

*Attorneys for the United States of America*

- 8 -