UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALFRITA SIMMONS**, <br><br> Plaintiff, <br><br> v. <br><br> **DOUG COLLINS**, *et al.*, <br><br> Defendants. | No. 25-cv-437 (TSC) |

## OPINION & ORDER

In this Title VII case, Plaintiff Alfrita Simmons alleges that she was "physically assaulted by [a] co-worker" and "subjected to a hostile work environment" during her time as a "contract employee" for the Veterans Canteen Service, an entity associated with the Department of Veterans Affairs ("VA"). *See* Compl. at 4, ECF No. 1; Compl. Ex. at 2, ECF No. 1-1. She further alleges that she was fired in retaliation after submitting an Equal Employment Opportunity ("EEO") claim with the VA. *See id.* After the VA denied her claim on the ground that Plaintiff was "not a federal government employee, but rather a contractor" ineligible to assert an employment discrimination claim against a federal agency, *see* Compl. Ex. at 2, Plaintiff filed this lawsuit *pro se*. Defendants then moved to dismiss, arguing in part that Plaintiff "does not plausibly allege that she was a federal employee within the scope of Title VII's federal sector provision." Def.'s Mot. to Dismiss Br. at 3, ECF No. 10-1.[1] Plaintiff, now

---

[1] The court agrees with Defendants that service was timely. Pursuant to Federal Rule of Civil Procedure 12(a)(2), Defendants were required to respond within 60 days of service to the U.S. Attorney. The U.S. Attorney was served on October 10, 2025, *see* Return of Service, ECF No. 8, making the Defendants' deadline to respond December 9, 2025.

represented by counsel, appears to concede that more facts may be needed to establish her employment status, but requests leave to amend.  *See* Pl.'s Opp'n at 7, ECF No. 13.  For the reasons that follow, the court will dismiss the Complaint without prejudice and permit Plaintiff to file an Amended Complaint with the benefit of her now-obtained counsel.

To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although complaints pleaded by *pro se* parties are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," "even a *pro se* plaintiff must meet [her] burdens . . . stating a claim for relief."  *James v. United States*, 48 F. Supp. 3d 58, 63 (D.D.C. 2014) (cleaned up).

"As applied to the federal government, Title VII covers only those individuals in a direct employment relationship with a government employer."  *Al-Saffy v. Vilsack*, 827 F.3d 85, 96 (D.C. Cir. 2016) (cleaned up).  "Individuals who are independent contractors or those not directly employed by such an employer are unprotected."  *Spirides v. Reinhardt*, 613 F.2d 826, 829 (D.C. Cir. 1979).  It is "therefore . . . crucial" for Title VII plaintiffs suing the federal government to adequately allege their "status" as a federal employee.  *Id.* (cleaned up).  Because Title VII "unfortunately . . . includes only a completely circular definition of the term employee," courts "must consult traditional agency law principles to determine whether [Plaintiff] was an employee of the" VA.  *Al-Saffy*, 827 F.3d at 96 (cleaned up).

Although that inquiry is "fact intensive and a plaintiff need not allege every facet of a relationship in order to sufficiently allege" employment status, "more is needed here."  *Golden v. Mgmt. & Training Corp.*, 266 F. Supp. 3d 277, 287 n.8 (D.D.C. 2017).  The Complaint pleaded

no facts whatsoever regarding the nature of her relationship with the VA, and the exhibit attached to the Complaint—the VA's EEO decision—concluded she was not an employee because she was a temporary contractor not entitled to any paid leave or other benefits. *See generally* Compl.; Compl. Ex. Consequently, Plaintiff "must provide more detail than she has for the court to conclude that the [VA] was her employer for purposes of Title VII liability." *Mack v. Aspen of DC, Inc.*, 248 F. Supp. 3d 215, 220 (D.D.C. 2017). Plaintiff appears to concede as much, acknowledging that more facts may be needed "concerning supervision, scheduling, discipline, work rules, payment method, and termination." *See* Pl.'s Opp'n at 7. Because the Complaint fails to adequately allege that Plaintiff was a federal employee, it must be dismissed.

But the court will also give Plaintiff leave to file an Amended Complaint. Federal Rule of Civil Procedure 15(a)(2) "command[s] that leave should be 'freely given when justice so requires.'" *Townsend v. United States*, 282 F. Supp. 3d 118, 124 (D.D.C. 2017) (quoting Fed. R. Civ. P. 15(a)). Moreover, the Complaint was drafted by Plaintiff when she was *pro se*, and "*pro se* litigants are afforded more latitude than litigants represented by counsel to correct defects in . . . pleadings." *Lawrence v. Guthrie*, No. 8-cv-1292, 2011 WL 3563109, at *2 (D.D.C. Aug. 11, 2011). "The practice of freely giving leave to amend is thus particularly appropriate where *pro se* litigants are concerned." *Id.* (cleaned up). Because the interests of justice would be served by allowing Plaintiff to amend her complaint now that she is represented by counsel, the court will grant leave to amend.

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Dismiss, ECF No. 10, is **GRANTED**.  The Complaint is **DISMISSED** without prejudice.  Plaintiff shall file an Amended Complaint, if she still wishes to do so, by July 27, 2026.[2]

It is **SO ORDERED**.

Date: July 6, 2026

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge

---

[2]  Because Plaintiff's employment status could resolve the entire case, the court declines to analyze Defendants' other arguments in support of dismissal at this time.  However, Defendants are free to renew those arguments in moving to dismiss the Amended Complaint.  Plaintiff is also warned to address in the Amended Complaint any pleading deficiencies already raised by Defendants' other arguments.